IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA NICOLE SAUERMILCH PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, LINCOLN POLICE DEPARTMENT, and LANCASTER COUNTY,<br><br>Defendants. | 8:20CV416<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed her Complaint on October 13, 2020. (Filing 1.) She has been granted leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff seeks to recover $5 million in damages from the State of Nebraska, the Lincoln Police Department, and Lancaster County for violating her civil rights. (Filing 1 at 4.)

II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint contains no factual allegations from which the court may reasonably infer that any defendant violated her rights under the United States Constitution or federal statutes. Plaintiff asserts without any explanation that her claim is based on "civil amendments rights violations," "oppression," "brutality," "harassment," "opression," [*sic*] and "no victim witness advocates," and she seeks to recover damages for "physical scars," "trauma," "PTSD," "pain and suffering," "emotional abuse," "grief," "time from daughter[']s life," "homelessness," and "property loss." (Filing 1 at 4.)

Even given the most liberal construction, Plaintiff's Complaint falls far short of federal pleading standards. It is therefore subject to preservice dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state claim upon which relief may be granted. As discussed below, there are also other reasons to dismiss the Complaint.

A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the

state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Thus, Plaintiff's claim against the State of Nebraska must be dismissed.

The Lincoln Police Department is simply a department of the City of Lincoln, and cannot be sued in its own name. *See Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 707 (D. Neb. 2004) (LPD, as an agency of the City of Lincoln, has no separate legal status under Nebraska law); *Adams v. Nebraska*, No. 4:19CV3083, 2020 WL 1914923, at *1 (D. Neb. Apr. 20, 2020).

The City of Lincoln would be a proper defendant, but "[t]o establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007)). "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989)). The same is true with respect to Lancaster County.

To prevail on a claim alleged against the City of Lincoln or Lancaster County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.'" *Malone v.*

3

*Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff's Complaint contains no allegations from which it may reasonably be concluded that either the City or the County violated her rights as the result of an official policy, an unofficial custom, or a failure to train and supervise.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the court will allow an amended complaint to be filed within 30 days, in which event the court will conduct another initial review. If an amended complaint is not filed within 30 days, this action will be dismissed without prejudice.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a claim upon which relief may be granted. **Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.**

2. The clerk of the court is directed to set the following pro se case management deadline: "November 23, 2020: check for amended complaint."

Dated this 22nd day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge