IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TANYA NICOLE SAUERMILCH PEREZ,

Plaintiff,

vs.

STATE OF NEBRASKA, LINCOLN POLICE DEPARTMENT, and LANCASTER COUNTY,

Defendants.

**8:20CV416**

**MEMORANDUM AND ORDER**

Plaintiff, a non-prisoner, filed her Complaint (Filing 1) on October 13, 2020, and subsequently was granted leave to proceed in forma pauperis. The court conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and, in a Memorandum and Order entered on October 22, 2020, determined Plaintiff had failed to state a claim upon which relief may be granted. However, the court on its own motion gave Plaintiff leave to amend. Plaintiff timely filed an Amended Complaint (Filing 7) on October 26, 2020, which will now be reviewed pursuant to § 1915(e)(2).[1] Also before the court is a motion for victim assistance and appointment of counsel (Filing 9), which was filed on November 17, 2020.

[1] The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

In her original Complaint, Plaintiff sought to recover $5 million in damages from the State of Nebraska, the Lincoln Police Department, and Lancaster County for violating her civil rights. However the Complaint contained no factual allegations from which it could reasonably be inferred that any defendant violated Plaintiff's rights under the United States Constitution or federal statutes. Plaintiff merely asserted without any explanation that her claim was based on "civil amendments rights violations," "oppression," "brutality," "harassment," "opression," [*sic*] and "no victim witness advocates," and she requested damages for "physical scars," "trauma," "PTSD," "pain and suffering," "emotional abuse," "grief," "time from daughter[']s life," "homelessness," and "property loss." (Filing 1 at 4.) The court also advised Plaintiff in its previous Memorandum and Order that (1) the State of Nebraska is not a "person" for purposed of 42 U.S.C. § 1983 and is immune from suit for damages in federal court under the Eleventh Amendment; (2) the Lincoln Police Department is not a suable entity; and (3) to state a viable claim for relief against the City of Lincoln or Lancaster County under § 1983, she needs to allege that the City or the County violated her rights as the result of an official policy, an unofficial custom, or a failure to train and supervise. (See Filing 6 at 2-4.)

In Plaintiff's Amended Complaint, she lists the case numbers of three other actions she has filed with the court— 8:20CV416, 8:20CV429, and 8:20CV431— and she identifies three defendants by name: (1) State of Nebraska Lancaster Police Department; (2) Region 5 Funding; and (3) Center Pointe. (Filing 7 at 1-2.) The first defendant is non-existent, but appears to be a conglomeration of the names of the three original defendants (*i.e.*, State of Nebraska, Lincoln Police Department, and Lancaster County). The reference to Case No. 8:20CV429 appears to be in error, because the defendant in that case was the Oasis Hotel. Plaintiff voluntarily

---

liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

dismissed Case No. 8:20CV429 on November 30, 2020. There were two named defendants in Case No. 8:20CV431: (1) Region 5 Nebraska; and (2) Center Pointe. Plaintiff voluntarily dismissed Case No. 8:20CV431on November 17, 2020, the same date she filed the Amended Complaint in the present case. To the extent Plaintiff is requesting that the present case be consolidated with either of these dismissed cases, her request will be denied.

The name of a second plaintiff, Christopher Xavier Brennauer, is also listed in the Amended Complaint. (Filing 7 at 1.) If Plaintiff is requesting that she be permitted to pursue a claim on behalf of this individual, this request will also be denied. Pro se litigants may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed.Appx. 630 (8th Cir. 2013). Indeed,"[n]on-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020).

Plaintiff has not corrected any of the pleading defects that were noted by the court in its previous Memorandum and Order.

First of all, Plaintiff once again fails to allege any facts to show that her federal constitutional or statutory rights were violated. The "statement of claim" and "relief" sections of the Amended Complaint are incomprehensible. These sections read in their entirety as follows:

> Like to pull police cruiser cameras all gmail accounts
> confiscated phones sheriffs took on raid after [illegible]
> eg. left in black mold to get black mold poisoning
> Gregory Christian lauby lobbiest polotiting in State capital
> Pull'em! Record
> Center pointe peir program no-male employees for Christopher to join program!
> ect ect eg. eg.
> police calls to union police department district 2017-2019
> w/ $45.000,000 Firm

> and id like a public help please
> United States of America
> My country I live and die for!

(Filing 6 at 4 (unedited).)

Secondly, the State of Nebraska is not a proper defendant in this § 1983 action, for the reasons already explained.

And, finally, even if the City of Lincoln and Lancaster County were named as defendants, Plaintiff has not alleged that they violated her rights as the result of an official policy, an unofficial custom, or a failure to train and supervise.

Because the court has already given Plaintiff leave to amend, with specific instructions which she has ignored, this action will be dismissed as frivolous. No further leave to amend will be granted because it is apparent that any amendment would be futile. Plaintiff's motion for victim assistance and appointment of counsel will denied, as moot.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to consolidate cases (Filing 7) is denied.

2. This action is dismissed without prejudice, as frivolous.

3. Judgment shall be entered by separate document.

4. Plaintiff's motion to add parties (Filing 7) is denied without prejudice, as moot.

5. Plaintiff's motion for victim assistance and appointment of counsel, (Filing 9) is denied without prejudice, as moot.

Dated this 4th day of January, 2021.

BY THE COURT:

Richard G. Kopf

Richard G. Kopf
Senior United States District Judge